### ARTHUR ROBERTSON, APPELLANT, v. BARNET BURSTEIN, RESPONDENT.

Submitted October 14, 1927—Decided March 19, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Corn & Silverman.*

For the respondent, *Hyman Busch.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff instituted this suit to recover moneys alleged to be due from the defendant

upon certain insurance "binders" issued to him by the Sterling Fire Insurance Company of Indiana and the American National Fire Insurance Company of Ohio, protecting him against loss resulting from the destruction of his property by fire pending the making out and delivery to him of formal policies for that purpose. The issuing of the binders was the result of an application made for them by the defendant to the plaintiff, who was an insurance agent representing the two companies. The basis of the plaintiff's alleged right to recover these moneys rests upon assignments thereof made to him by the companies issuing the binders. He also sought to recover compensation for services which he claimed to have rendered to the defendant with relation to other matters of insurance. The trial resulted in a verdict in his favor, and counsel for the respective parties agree that the award of the jury was limited to the plaintiff's claim as assignee of the two insurance companies above named.

The first reason assigned by the appellant for reversing the judgment entered upon the verdict so rendered is that the trial court erred in refusing to nonsuit the plaintiff. The motion to nonsuit was rested upon several grounds, which will be considered in the order in which they were argued.

(1) That the plaintiff cannot recover because he acted in the negotiations leading to the making and delivery of the binders as agent both for the insured and the insurers. Assuming this to be the fact, it constituted no bar to the right of the insurance companies to recover the premium due upon the binders issued by them to the defendant and accepted by him; and, that right having been vested in the plaintiff by the assignments, he is entitled to enforce it in this action.

(2) That the assignments to the plaintiff were null and void because made without any consideration moving from him. Assuming that no consideration was paid for them by the plaintiff, that fact did not invalidate the assignments. Since the enactment of section 19 of the Practice act of 1903 (*Comp. Stat., p.* 4056), which vests in the assignee of a chose in action the unrestricted right of suing upon it in his own name, the assignee is entitled to maintain the action without regard to whether or not the assignor received con-

sideration therefor, the defendant in the action being entitled to set up any defense which he might have made if the suit had been brought against him by the assignor.

(3) That the plaintiff failed to show any specific amount agreed to be paid by the defendant to the insurance companies on the binder contracts. The contention that this fact is a bar to his right of recovery is in the face of the decision of the Court of Errors and Appeals in *Smith & Wallace Co.* v. *Prussian Insurance Co.*, 68 *N. J. L.* 674, it being there held that a complete temporary contract of insurance exists between the insurer and the insured from the time of the delivery of the binder; and that where the insurer fails to fix the rate to be paid before the delivery of the policy, the insured is bound to pay a reasonable rate for the protection which he receives by the temporary contract.

(4) That these binders are invalid because they are not the standard form of policy required by our statute. There is no merit in this contention. The statute does not attempt to fix the form of mere temporary binders, but deals only with the form to be used in permanent insurance policies.

(5) Because the binders are not those of any particular company. This is not so in fact, as an examination of the documents themselves discloses. It is further argued under this point that they are invalid because they designate no party as the insured. But this point was not submitted to the trial court as a basis for a nonsuit, and, of course, cannot be availed of on appeal.

(6) That some of these binders were never delivered to the defendant. That fact, even if uncontroverted, would not have justified the granting of a nonsuit, but would only be a bar to the right of the plaintiff to recover the premiums alleged to be due on those binders. Moreover, there was proof that the binders referred to under this point were mailed by the plaintiff, as the agent of the companies, to the defendant's address, and that they were never returned to the sender. This was *prima facie* evidence of delivery, and raised a question of fact, to be determined by the jury, and not one of law, to be decided by the court.

(7) That the contract evidenced by the binders is invalid under the fourth section of the Sale of Goods act (*Comp. Stat.*, p. 4648), the contention being that the plaintiff is attempting to recover on the sale of choses in action assigned to him by the two insurance companies. The argument is that these binders are choses in action sold to the defendant by the two insurance companies, and that the contract for their sale is invalid under the statute appealed to. Assuming that the issuing of an insurance binder to a person applying for it is a contract for the sale of a chose in action, within the meaning of the statute, the fourth section of the act is no bar to the present suit. The provision thereof renders unenforceable a contract to sell a chose in action of the value of $500 and upward, unless the buyer shall receive and accept the same or give something in part payment. In this case there was proof submitted by the plaintiff, as has already been stated, which indicated that the binders in question had been delivered to and accepted by the plaintiff. On a motion to nonsuit, all the evidence which supports the claim of the plaintiff must be taken as true, and he is entitled to the benefit of all legitimate inferences which are to be drawn therefrom in his favor. *Andre* v. *Mertens*, 88 *N. J. L.* 626. The trial court properly considered that this ground for directing a nonsuit was without merit.

(8) The last ground upon which the motion was rested was that there was no proof of any agreement on the part of the defendant to pay for the binders. If he ordered them and accepted their delivery, the law implies a promise on his part to pay the companies that issue them what the protection he has had under them is reasonably worth. *Smith & Wallace Co.* v. *Prussian Insurance Co., supra.*

We conclude that none of the reasons upon which the motion to nonsuit was rested would have justified the trial court in granting it.

It is further contended that the judgment under review should be reversed because the court, in charging with relation to the mailing of the binders by the plaintiff to the defendant, did not completely cover the subject matter, although there was no error in what was stated to the jury.

Assuming this to be the fact, it affords no ground for a reversal. If the defendant had desired further instruction upon this subject, he should have applied to the court for that purpose. *Liberman* v. *Drill,* 94 *N. J. L.* 387.

We are further asked to reverse this judgment upon the ground that the court improperly admitted in evidence over the objection of the defendant, the assignments from the American National Fire Insurance Company and the Sterling Fire Insurance Company to the plaintiff without requiring proof of their execution by the testimony of the subscribing witnesses thereto. The case was tried on June 7th, 1927. The legislature in March of that year passed a supplement to the act concerning evidence (*Pamph. L., p.* 394), which went into effect immediately, and by which it is provided that "no document, paper or instrument shall be excluded from or denied admission in evidence in any action, suit or proceeding heretofore instituted, or which may hereafter be instituted, in any court of this state, by reason of the fact that such document bears or purports to bear the signature of an attesting or subscribing witness, and such attesting or subscribing witness has not been called to prove the authenticity of the document or his absence accounted for, provided the authenticity and genuineness of the document shall be otherwise properly proved." The present assignments were duly executed by the proper officers of the respective companies, under their corporate seals, and were duly proved before persons authorized to take acknowledgments of sealed instruments. In this situation of the proofs, the statute is a complete answer to the contention of counsel.

Finally, it is urged that the court improperly overruled the following question asked of the plaintiff on his cross examination: "What is your arrangement with the companies, so far as settling with the premiums and settlings for binders is concerned?" This question, we consider, was properly excluded, for it dealt with a matter entirely irrelevant to the issue, which was whether the two companies had each of them a valid claim against the defendant, and whether there had been a valid assignment of those claims to the plaintiff.

The judgment under review will be affirmed.